Brodie H. Smith, Bar No. 221877
LANZA & SMITH
A Professional Law Corporation
3 Park Plaza, Suite 1650
Irvine, California 92614-8540
Telephone (949) 221-0490
brodie@lanzasmith.com

Attorneys for Defendant H&R Block Enterprises, LLC, a Missouri limited liability company, dba H&R Block Tax Services; Does 1 Through 20 Inclusive

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| TICAD RETAIL PROPERTIES HOLDINGS LLC, a DELAWARE limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>H&R BLOCK ENTERPRISES, LLC, a Missouri limited liability company, dba H&R BLOCK TAX SERVICES; DOES 1 THROUGH 20, INCLUSIVE,<br><br>Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441, AND 1446 BY DEFENDANT H&R ENTERPRISES, LLC dba H&R BLOCK TAX SERVICES; DOES 1 THROUGH 20, INCLUSIVE**<br><br>[Filed concurrently with Civil Cover Sheet, Notice of Interested Parties and Corporate Disclosure Statement]<br><br>Complaint Filed: August 17, 2022 |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant H&R Block Enterprises, LLC ("H&R Block") hereby removes this action from the Superior Court of the State of California, County of Orange to this Court. In support of this removal, H&R Block states as follows:

1

NOTICE OF REMOVAL

1. On or about August 17, 2022, Plaintiff Ticad Retail Properties Holdings, LLC ("Ticad Retail Properties"), a Delaware limited liability company, filed an action styled as *Ticad Retail Properties Holdings, LLC v. H&R Block Enterprises, LLC dba H&R Block Tax Services, Does 1 through 20 Inclusive,* Case No. 30-2022-01275974-CU-BC-CJC in the Superior Court of the State of California for the County of Orange, Central Justice Center.

2. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because H&R Block has satisfied the procedural requirements for removal, and this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, diversity jurisdiction.

3. The undersigned counsel is authorized by H&R Block to file this Notice of Removal, is licensed in the State of California, and is a member of the Bar of this Court.

4. Pursuant to the rules of this Court, H&R Block has also submitted the appropriate filing fee.

**PROCEDURAL STATEMENT**

5. Plaintiff served H&R Block with the Summons and Complaint on August 23, 2022. Because H&R Block has filed this removal within 30 days of service, this Amended Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999) (notice of removal is timely under 28 U.S.C. § 1446(b) if filed within 30 days after service of the complaint).

6. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of Plaintiff's Summons and Complaint is attached hereto as **Exhibit 1.**

7. Pursuant to 28 U.S.C. § 1446(a), copies of all process, and orders served upon H&R Block in this action are attached hereto. Plaintiff has not served, and H&R Block has not received, any other process, pleadings, or orders.

8. Pursuant to 28 U.S.C. § 1441(a), removal to the United States District Court for the Central District of California is proper because it is the district and division embracing the Superior Court of the State of California for the County of Orange, where this action is currently pending.

9. Pursuant to 28 U.S.C. § 1446(d), H&R Block will promptly file a copy of this Notice of Removal in the Superior Court of the State of California for the County of Orange, and give written notice of the removal to Plaintiff.

## DIVERSITY JURISDICTION

10. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

**A. Complete Diversity Exists**

11. Plaintiff Ticad Retail Properties is a Delaware limited liability company. Upon information and belief Ticad Retail Properties' principal place of business is in Newport Beach, CA.

12. H&R Block is a Missouri limited liability company with its principal place of business in the State of Missouri. A limited liability company is a citizen of every state in which any member is a citizen. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

13. H&R Block's sole member is H&R Block Tax Services LLC, a limited liability company with its principal place of business in the State of Missouri. The sole member of H&R Block Tax Services LLC is HRB Tax Group, Inc., a Missouri corporation with a principal place of business in the State of Missouri. HRB Tax Group, Inc. is therefore a citizen of the State of Missouri. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 317 (2006) (a corporation is deemed to be a citizen only of any state by which it has been incorporated and of the state where it has its principal place of business).

14. H&R Block is therefore a citizen of the State of Missouri because its sole member is a citizen of the State of Missouri.

15. The John Doe defendants named in the Complaint are not alleged to be domiciled in California, and, regardless, the citizenship of defendants sued under fictitious names is to be disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

16. Consequently, there is complete diversity between Plaintiff and H&R Block. *See* 28 U.S.C. § 1332(a)(1).

**B.     The Amount in Controversy Exceeds $75,000**

17. The amount in controversy requirement set forth in 28 U.S.C. § 1332 is met because Plaintiff demands damages in excess of $200,000. (Ex. 1, ¶ 9.)

18. Plaintiff contends that H&R Block owes this amount for allegedly breaching the lease by "failing to adhere to the required hours to be open under the Lease and by failing to pay sums due thereunder." (Ex. 1, ¶ 7.)

19. Because there exists complete diversity of citizenship and an amount in controversy in excess of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action. *See* 28 U.S.C. § 1332(a). As a result, this action is removable pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, H&R Block respectfully removes to federal court the above-captioned civil action, which is currently pending in the Superior Court of the State of California for the County of Orange.

|  |  |
|---|---|
|  | LANZA & SMITH, PLC |
| Dated: September 20, 2022 | /s/ Brodie H. Smith<br>Brodie H. Smith<br>3 Park Plaza, Suite 1650<br>Irvine, CA  92614<br>Phone: (949) 221-0490<br>brodie@lanzasmith.com<br>*Attorneys for Defendants* |

**EXHIBIT 1**

Electronically Filed by Superior Court of California, County of Orange, 08/17/2022 12:37:21 PM.
30-2022-01275974-CU-BC-CJC - ROA # 4 - DAVID H. YAMASAKI, Clerk of the Court By A. Gill, Deputy Clerk.

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* H&R BLOCK ENTERPRISES, LLC, a Missouri limited liability company, dba H&R BLOCK TAX SERVICES; DOES 1 THROUGH 20, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
TICAD RETAIL PROPERTIES HOLDINGS LLC, a DELAWARE limited liability company

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Judge Nathan Scott
Superior Court of California, for the County of Orange
700 W. Civic Center Drive
Santa Ana, CA 92701
Central Justice Center

**CASE NUMBER:**
*(Número del Caso):* 30-2022-01275974-CU-BC-CJC

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Walter Peña, SBN 247469 (562) 698-9771; (562) 945-7600 Fax
BEWLEY LASSLEBEN & MILLER, LLP
13215 E. Penn St., Ste. 510 Whittier, CA 90602

DATE: 08/17/2022
*(Fecha)* DAVID H. YAMASAKI, Clerk of the Court
Clerk, by A. Gill *(signature)*, Deputy
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

American LegalNet, Inc.
www.FormsWorkflow.com

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically Filed by Superior Court of California, County of Orange, 08/17/2022 12:37:21 PM.
30-2022-01275974-CU-BC-CJC - ROA # 2 - DAVID H. YAMASAKI, Clerk of the Court By A. Gill, Deputy Clerk.

WALTER PEÑA, State Bar #247469
BEWLEY, LASSLEBEN & MILLER, LLP
13215 E. Penn Street, Suite 510
Whittier, CA 90602-1797
(562) 698-9771
walterp@Bewleylaw.com

Attorneys for Plaintiffs TICAD RETAIL
PROPERTIES HOLDINGS LLC, a Delaware limited
liability company

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

UNLIMITED CIVIL JURISDICTION

Assigned for All Purposes
Judge Nathan Scott

| | |
|---|---|
| TICAD RETAIL PROPERTIES HOLDINGS LLC, a DELAWARE limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>H&R BLOCK ENTERPRISES, LLC, a Missouri limited liability company, dba H&R BLOCK TAX SERVICES; DOES 1 THROUGH 20, INCLUSIVE,<br><br>Defendants. | CASE NO.: 30-2022-01275974-CU-BC-CJC<br><br>COMPLAINT FOR BREACH OF LEASE; DEMAND FOR JUDICIAL REFERENCE (CCP § 638 ff) |

Plaintiff alleges as follows:

1. Plaintiff is, and at all times herein relevant has been, the owner of that certain property located at 3971 Irvine Blvd., Suite 100, City of Irvine, California 92620 (the "Premises").

Complaint for Breach of Lease       1

2. The true names and capacities of defendants Does 1 through 20, inclusive, are unknown to plaintiff, who therefore sues said defendants by such fictitious names pursuant to Code of Civil Procedure §474. Each of said defendant Does is responsible in some manner for the events herein referred to and caused injury and damages proximately thereby to plaintiff as hereinafter alleged. Plaintiff will amend this complaint to show the true names and capacities when the same have been ascertained.

3. Plaintiff is further informed and believes, and thereon alleges, that at all times herein mentioned each of the defendants sued herein was the agent, servant and employee of his co-defendants and in so doing the things hereinafter alleged, was acting within the scope of its authority as such agent, servant, and employee and with the permission and consent of his co-defendants.

4. On or about September 12, 2005, plaintiff's predecessor-in-interest and defendants' predecessor-in-interest, and each of them, entered into a written agreement (the "Lease") under the terms of which defendants, and each of them, would rent from plaintiff the Premises.

5. Plaintiff has acquired the lessor's interest in the Lease and the Premises.

6. Defendants, and each of them, have acquired the lessee's interest in the Lease and the Premises.

7. Defendants, and each of them, are in breach of the Lease by failing to adhere to the required hours to be open under the Lease and by failing to pay the sums due thereunder.

8. Plaintiff has performed all terms and conditions required of it to be performed under the Lease except those which may have been excused by virtue of the breach of defendants, and each of them.

9. As a proximate result of the breach of the Lease by defendants, and each of them, plaintiff has been damaged in a sum in excess of $200,000.00, together

Complaint for Breach of Lease 2

with interest thereon, at the legal rate, on and after August 1, 2022. Plaintiff reserves the right to supplement this complaint to the extent defendants, and each of them, continue to breach the Lease by failing to pay the sums due thereunder and/or failing to adhere to the required hours to be open under the Lease.

10. Plaintiff has been further been damaged to the extent that the failure of the defendants, and each of them, to open and operate has triggered any co-tenancy provision in plaintiff's leases. Plaintiff shall seek leave to amend the complaint to state the nature, extent and amount of said damages to the extent ascertained.

11. A provision of the Lease provides for the allocation of reasonable attorney's fees and costs in the event it becomes necessary to initiate legal action to enforce one of the terms of the Lease. Plaintiff has been compelled to engage the law firm of Bewley, Lassleben & Miller to represent it in this matter and is thereby entitled to said attorney's fees and costs.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as follows:

1. For compensatory damages according to proof at time of trial in a sum in excess of $200,000.00, together with interest thereon, at the legal rate, on and after August 1, 2022;

2. For reasonable attorney's fees;

3. For such other and further damages proximately caused, according to proof at time of trial;

4. For costs of suit herein incurred; and,

5. For such other and further relief as the court deems just and proper.

### DEMAND FOR JUDICIAL REFERENCE

Pursuant to the Lease [¶ 21.12], plaintiff hereby demands that all issues of fact

///

and law related to this action be determined by judicial reference under CCP § 638 ff.

BEWLEY, LASSLEBEN & MILLER, LLP

By: _____
Walter Peña
Attorneys for Plaintiff TICAD RETAIL PROPERTIES HOLDINGS LLC, a DELAWARE limited liability company